Kevin SMITH, Appellant,

v.

HENNEPIN COUNTY, et al., Respondents.

No. C3–85–1730.

Court of Appeals of Minnesota.

March 11, 1986.

Review Denied May 22, 1986.

Karla R. Wahl, Minneapolis, for appellant.

Thomas L. Johnson, Hennepin Co. Atty., Mark Kapter Maher, Asst. Co. Atty., Minneapolis, for respondents.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant was employed as a deputy sheriff by the Hennepin County Sheriff's Department. His employers discovered that he had been making obscene telephone calls to a female co-worker. He was told that he would sign a prepared letter of resignation or face dismissal and criminal prosecution for making the calls. Appellant signed the letter, but later sought to rescind the resignation. The sheriff's department refused his request, and appellant sued for wrongful discharge and violation of his constitutional rights. The trial court entered summary judgment for respondents, and this appeal followed. We affirm.

## FACTS

Appellant became employed as a deputy sheriff for the Hennepin County Sheriff's Department in 1981. He was told that for a period of one year, he would be a proba-tionary employee and could become a permanent employee at the end of that year if he proved himself worthy. At the time he was employed, appellant was given a copy of the department's personnel manual. The manual stated that a probationary employee could be discharged "at any time at the discretion of the appointing authority without right of appeal * * *."

While still a probationary employee, appellant became friends with a female employee of the sheriff's department. Shortly after the two became friends, the co-employee began receiving nuisance calls. She suspected the calls were from appellant, and she reported her suspicions to the police. The police, working with the co-employee and the telephone company, placed a tracer on the co-employee's telephone. On the evening of September 6, 1982, appellant called the co-employee and left an obscene message on her answering machine. A few minutes later, he called again and left another obscene message. The co-employee submitted the tape containing the obscene messages to the police. The police determined through the telephone company that the call had been placed from appellant's phone. The police advised the co-employee that she should report the matter to her superiors at the sheriff's department so it could be handled internally.

On September 14, appellant was called into his superior's office. During an interview with internal affairs officers, appellant admitted that he had placed the obscene phone calls. The officers placed a typed letter of resignation before appellant and told him to sign it. Appellant was told that if he did not sign it, he would be fired and criminal charges would be brought against him. Appellant signed the resignation.

On October 13, 1982, appellant attempted to rescind his resignation. The sheriff's department refused the attempt. Appellant then brought suit against the department, alleging wrongful discharge and violations of his constitutional rights. The trial court found that appellant did not have a protectable property interest in his

employment and granted respondent's motion for summary judgment. This appeal followed.

## ISSUES

1. Was appellant entitled to a hearing before being asked to resign?

2. Did the sheriff's office wrongfully coerce appellant into signing the letter of resignation?

3. Did appellant properly plead civil rights violations?

## ANALYSIS

■ 1. Public employees do not have a protected property interest in their employment unless they have a "legitimate claim of entitlement" to the job. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Whether the employee has such a claim is determined by state law and the employee's employment contract. *Bishop v. Wood,* 426 U.S. 341, 344–45, 96 S.Ct. 2074, 2077–78, 48 L.Ed.2d 684 (1976).

■ Appellant was a probationary employee of the sheriff's department. Under his employment contract he was, as long as he remained a probationary employee, subject to dismissal "at any time at the discretion of the appointing authority without right of appeal * * *." It is only after department employees gain permanent employee status that they receive some entitlement to their employment. Once employees have gained that status, they may only be dismissed for just cause and also have a right of appeal. That is consistent with state law, which provides that law enforcement officers who have successfully completed a 12-month probationary period are accorded entitlement to their employment. *See* Minn.Stat. § 419.075 (1984).

The respondent in *Roth* was an untenured college professor. After one year of employment, he was informed that he would not be offered a contract for the next year. He brought suit, claiming the university had a duty to provide him with notice and a hearing. The United States Supreme Court held that where a public employee has no guarantee of reemployment and the public agency has no policy that would secure the employee's entitlement to continued employment, there is no legitimate claim of entitlement to the employment and thus no protectable property interest. *Roth,* 408 U.S. at 578, 92 S.Ct. at 2709–2710.

The appellant in this case had no more of a property interest in his employment than did Roth. Appellant was a probationary employee, subject to dismissal at any time without right of appeal. The sheriff's department did not dismiss appellant, but instead gave him the choice between resigning or being fired. Even if appellant had been dismissed, his constitutional rights would not have been violated, and he would not have had a right to a hearing.

■ 2. The internal affairs officers told appellant that he would be fired and criminally prosecuted if he did not comply with their request that he resign. Appellant claims that the sheriff's department wrongfully coerced him into signing the letter of resignation.

Appellant's argument has no merit. The fact that appellant may have been coerced into signing a letter of resignation is irrelevant since his employers could have rightfully terminated his employment. Therefore, appellant was not wrongfully coerced into resigning his position.

■ 3. Appellant also claims that the sheriff's department violated many of his civil rights, including his right to privacy, his free speech rights, and his freedom of association. These claims were not pleaded to the trial court. Thus, they will not be considered here. *See Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982).

## DECISION

Appellant was a probationary employee and was therefore subject to dismissal at any time. The civil rights violations claimed by appellant were presented for

the first time on appeal, so they are untimely raised.

Affirmed.